ANDREW J. CARTAN et al., respondents,

*v.*

ERNEST L. PHELPS et al., appellants.

[Decided November 18th, 1918.]

On appeal of the defendant Wayland O. Badgley from a decree in chancery advised by Vice-Chancellor Foster, who filed the following opinion:

This action is brought to set aside a deed of conveyance made by the defendant Phelps to the defendant Badgley for lands near Matawan, in Monmouth county, because the same was made to defraud complainant and other judgment creditors of Phelps.

The proofs in this case satisfy me—particularly the testimony of Mr. Geran, who prepared the deed, and of Mr. Bentley, the attorney of Phelps in the *Conover Case*—that Phelps, in executing the deed in question, made it to secure to Badgley the payment of an indebtedness of $1,000 or $1,200, and that Phelps also intended by this conveyance to prevent his property being reached, in case of an adverse verdict in the *Conover Case,* which was then about to come to trial, and the trial of which resulted in a verdict of $7,000 against him, which was subsequently set aside. I am further satisfied that the conveyance from Phelps to Badgley was a voluntary one on Phelps' part, unsolicited at the time by Badgley; and that the conveyance was in the nature of a security or mortgage, further appears from the facts that the deed was not delivered until some months after its execution; that it was not recorded until some months after its delivery; that Phelps continued, after the delivery of the deed, to exercise acts of ownership over the property and rented the same and collected the rents thereof for some time; and that, subsequently, he made a further arrangement with Badgley, according to

Badgley's testimony, whereby the deed was to be regarded as an absolute, rather than a conditional, conveyance of the property, upon Badgley paying to Phelps the further consideration of a thousand dollars. Assuming that Badgley did pay seven or eight hundred dollars of this amount, as he claims, to Phelps, he also states that he has not paid the balance of this additional consideration, and never intends to do so. He thereby puts himself in the position of refusing to perform and complete the contract of purchase of the property, if such a contract were ever made. For the reasons stated, I am satisfied that the principal purpose of the conveyance of this property from Phelps to Badgley, as far as Badgley was concerned, was merely to secure him for the money owing by Phelps to him, and not to convey the property to him, except in a conditional way. Badgley, while he claims the amount of the indebtedness is nearer $3,000 than $1,200, as Phelps stated to Geran and Bentley, is unable to produce any vouchers to substantiate his statements, and I am, therefore, obliged to rely upon the only tangible proof in the case regarding the amount of this indebtedness, viz., that given by Mr. Geran and Mr. Bentley, based upon statements made to them by Phelps at the time when he had the deed prepared, and shortly thereafter; and while Phelps' statements would not be conclusive as to the amount of the indebtedness owing by him to Badgley, in the absence of any proof to the contrary, they must be accepted as stating the facts.

I think the interests of all parties in this cause can be conserved and protected by a decree that the conveyance in question is, in effect, a mortgage between Phelps and Badgley, and that the property should be sold under the direction of a special master, and from the proceeds of the sale the amount due Mr. Badgley of $1,200, with interest, should be first paid, the balance of the proceeds, if any, can then be applied to the payment of the several judgments, in their order of their priority; and the surplus money, if any, can be paid into this court to await such further order as the court may make on the application of either Phelps or Badgley, or any other party interested in the surplus fund; and a decree will be advised accordingly.

*Messrs. Fort, Hunt & Shipman,* for the appellants.

*Messrs. Durand, Ivins & Carton, Mr. Peter Bentley* and *Messrs. McCarter & English,* for the respondents.

PER CURIAM.

The bill in this case was filed to set aside a deed of conveyance made by the defendant Phelps to the defendant Badgley for lands located near Matawan, in this state; the ground of the relief sought being that the conveyance was made for the purpose of defrauding the complainants and other judgment creditors of Phelps. The learned vice-chancellor reached the conclusion upon the proofs submitted at the hearing that the deed was made primarily to secure to Badgley the payment of an indebtedness of $1,000 to $1,200 due him from Phelps; and further, that the purpose of the latter was, not only to secure this debt, but also to put his property out of the reach of other creditors. The vice-chancellor was not entirely satisfied that Badgley was a party to the scheme to defraud the creditors of Phelps, and, for this reason, advised as follows, viz., that he be permitted to hold the conveyance as a security for his debt, which was adjudged to be $1,200; that the property be sold for the payment of that debt; and that what remained of the proceeds of the sale after such payment should be applied to the payment of the several judgment creditors of Phelps. A decree was entered in accordance with these conclusions.

We concur with the vice-chancellor in his conclusion upon the facts of the case. The legal rules applicable to such facts were laid down by this court in the case of *Demarest* v. *Terhune, 18 N. J. Eq. 532,* and were properly applied by him.

We are not satisfied, however, with his finding of the amount of Phelps' debt to Badgley. It was based entirely upon the testimony of two witnesses who had no personal knowledge upon the subject except as it was admitted to them by Phelps. But Phelps' admissions were not evidential against Badgley, and we consider, therefore, that there should have been a reference to a master to take proofs as to the actual amount of this indebted-

ness, or that the matter should have been more fully investigated by the vice-chancellor himself.

We observe that the decree directs that the moneys remaining from the proceeds of the sale of the lands involved in this controversy, after the payment of the Badgley debt, be applied to the payment of the several judgment creditors in the order of their priority. As the propriety of this method of distribution is not questioned upon the present appeal we express no opinion upon it.

The portions of the decree appealed from will be affirmed, for the reasons stated in the opinion of the vice-chancellor, with the modification above mentioned.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.